# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Jermaine Lamar Maxwell,<br>    Defendant. | No. CR-18-01695-009-TUC-JAS (EJM)<br>**ORDER** |

Pending before the Court are four Reports and Recommendations issued by United States Magistrate Judge Markovich (Docs. 3595, 3600, 3649, and 3656). The Reports and Recommendations recommend denying the following motions filed by Defendant Jermaine Maxwell: (1) a Motion to Suppress evidence stemming from a traffic stop of Defendant's vehicle[1] on February 3, 2016 (Doc. 3406); (2) a Motion to Suppress evidence seized from a residence on Proctor Vista pursuant to a state search warrant (Doc. 3408); (3) a Motion to Suppress evidence seized from Defendant's vehicle on July 10, 2013 near a residence on McFee Stravenue (Doc. 3407); and (4) a Motion to Suppress evidence and Dismiss overt acts based on evidence seized during a traffic stop of Defendant's vehicle on May 19, 2012 (Doc. 3412).[2] The Defendant filed an objection to each Report and Recommendation (Docs. 3621, 3616, 3694, and 3693). The Court has reviewed the record and the relevant legal authority bearing on this case. For the following reasons, the Court

---

[1] For ease of reference, the Court refers to any vehicle Defendant was driving as "Defendant's vehicle," regardless of who owned the vehicle.
[2] Defendant also filed a Supplemental Memorandum related to this Motion. (Doc. 3597).

accepts and adopts the Reports and Recommendations with minor modifications as noted herein. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

As a threshold matter, as to any new evidence, arguments, and issues that were not timely and properly raised before Magistrate Judge Markovich, the Court exercises its discretion to not consider those matters and considers them waived. *United States v. Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation . . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court . . . '[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").

As to issues not waived, the Court has conducted a de novo review as to Defendant's objections. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with [the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As referenced above, in addition to reviewing the Reports and Recommendations, and any objections and responsive briefing thereto, the Court's de novo review of the record includes review of the record and authority before Magistrate Judge Markovich which led to the Reports and Recommendations in this case.

Upon de novo review of the record and authority herein, the Court slightly modifies two of the Reports and Recommendations. As to the Report and Recommendation at Doc. 3600, Defendant objects to Magistrate Judge Markovich's finding on page four that "within a period of less than an hour-and-a-half, officers observed ten individuals go into the house and stay for brief periods of time, which is indicative of drug sales." (*See* Doc. 3616 at 2.) The Court agrees with Defendant that the affidavit stated the period of surveillance was two hours and that "[d]uring that surveillance, the location had 10 short-term contacts with several different individuals." (Doc. 3408-2 at 7 ("The Community Response Team began conducting surveillance starting today at 1600 hours until 1800 hours today.")). To the extent these were factual misstatements by the Magistrate Judge, the Court disregards them. Nevertheless, the Court finds that Magistrate Judge Markovich's conclusion that "the totality of the circumstances set forth in the search warrant affidavit established a fair probability that evidence of narcotic activity would be found in the Proctor Vista house," is correct. (Doc. 3600 at 5).

As to Report and Recommendation at Doc. 3656, Magistrate Judge Markovich found officers had reasonable suspicion to stop Defendant's vehicle because they reasonably believed the vehicle had been de-insured based on their department's database, even though that belief later turned out to be mistaken. (Doc. 3656 at 11). The Court agrees with this conclusion. The Court further notes that Defendant's flight from the traffic stop, albeit after initially stopping but then fleeing before the officer reached the vehicle, further contributed to reasonable suspicion. *See United States v. Santamaria-Hernandez*, 968 F.2d 980, 983 (9th Cir. 1992) (whether officers have "founded suspicion to justify a stop may take into account all of the events that occur up to the time of physical apprehension of a suspect who flees"); *United States v. Bonner*, 363 F.3d 213, 218 (3d Cir. 2004) ("flight from a lawful police traffic stop, where that flight prevented the police from discharging their duty of maintaining oversight and control over the traffic stop, provided the officers with reasonable suspicion to stop [defendant] for further investigation"); *see also California v. Hodari D.*, 499 U.S. 621, 629 (1991) (if defendant does not yield in response

to show of authority, seizure has not occurred); *United States v. Hernandez*, 27 F.3d 1403, 1406-07 (9th Cir. 1994) ("momentary hesitation" is not a submission to authority); *United States v. Washington*, 12 F.3d 1128, 1131-32 (D.C. Cir. 1994) (defendant not seized when he briefly stopped his car for police sirens but then drove away).  Additionally, the Court modifies what appears to be a typographical error in this Report and Recommendation.  In recounting Officer Gamez's testimony, Magistrate Judge Markovich states "Officer Gamez was involved in an incident that occurred on May 19, 2002." (Doc. 3656 at 2).  No objections were raised to this typographical error, but the incident at issue occurred on May 19, 2012. (*See* Doc. 3541, Hr'g Tr. 1/17/2025 at 8-9).

Except as otherwise noted above, the Court finds Defendant's objections to be without merit, rejects those objections, and adopts United States Magistrate Judge Markovich's Reports and Recommendations. *See, e.g., United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("Under [the Federal Magistrates Act], the district court did what § 636(b) requires:  it indicated that it reviewed the record de novo, found no merit to [defendant's] objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."); *United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) ("[Defendant] is entitled by statute to de novo review of the subject. Under *Raddatz*[, 447 U.S. 667 (1980),] the court may provide this on the record compiled by the magistrate. [Defendant] treats adoption of the magistrate's report as a sign that he has not received his due. Yet we see no reason to infer abdication from adoption . . . . When the district judge, after reviewing the record in the light of the objections to the report, reaches the magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report, sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.*, 8 F.3d 722, 724 (10th Cir. 1993) (District court's duty of de novo review based on written objections to the magistrate's report and recommendation "is satisfied only 'by considering the actual testimony [or other relevant evidence in the

record], and not by merely reviewing the magistrate's report and recommendations.' On the other hand, we presume the district court knew of these requirements, so the express references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." (alteration in *Bratcher*) (quoting *Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987))); *Murphy v. Int'l Bus. Machs. Corp.*, 23 F.3d 719, 722 (2nd Cir. 1994) (Plaintiff's "contention that the district judge did not properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in [plaintiff's] objections.").

Accordingly, **IT IS HEREBY ORDERED:**

(1) United States Magistrate Judge Markovich's Reports and Recommendations (Docs. 3595, 3600, 3649, and 3656) are **accepted and adopted as modified.**

(2) Defendant Maxwell's Motion to Suppress evidence stemming from a traffic stop of his vehicle on February 3, 2016 (Doc. 3406) is **denied**.

(3) Defendant Maxwell's Motion to Suppress evidence seized from his vehicle on July 10, 2013 near a residence on McFee Stravenue (Doc. 3407) is **denied**.

(4) Defendant Maxwell's Motion to Suppress evidence seized from a residence on Proctor Vista pursuant to a state search warrant (Doc. 3408) is **denied**.

(5) Defendant Maxwell's Motion to Suppress evidence and Dismiss overt acts based on evidence seized during a traffic stop of his vehicle on May 19, 2012 (Doc. 3412) is **denied**.

Dated this 22nd day of April, 2025.

Honorable James A. Soto
United States District Judge